# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDD TAWON PAYNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-CV-0414-GKF-FHM |
| TULSA POLICE DEPARTMENT, TPD OFFICER S. SULTZER, RASHONDA BASHAM, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Edd Tawon Payne, a federal prisoner currently incarcerated in Fairton, New Jersey, commenced this action on July 29, 2019, by filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. 1) and a motion to proceed in forma pauperis (Dkt. 2). Payne, who appears pro se, claims the Tulsa Police Department, Officer Sultzer and Rashonda Basham violated his constitutional rights, under the Fourth, Fifth and Fourteenth Amendments by detaining him, arresting him and seizing his vehicle without reasonable suspicion or probable cause. Dkt. 1, at 2-3, 5-6.[1] For the reasons that follow, the Court grants Payne's motion to proceed in forma pauperis, finds the complaint is subject to being dismissed for failure to state a claim upon which relief may be granted, and grants Payne leave to file an amended complaint.

---

[1] For consistency, the Court's citations refer to the CM/ECF header page numbers in the upper right-hand corner of each document.

## A. Plaintiff is authorized to proceed in forma pauperis.

Based on representations in Payne's motion to proceed in forma pauperis (Dkt. 2), the Court finds that Payne is without funds in his prison accounts sufficient to prepay the $350 filing fee required to commence this action. The Court therefore grants his motion and authorizes Payne to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(a). However, pursuant to 28 U.S.C. § 1915(b), Plaintiff shall be required to pay the full $350 filing fee as follows.

Within thirty (30) days from the entry of this order, Payne shall pay an initial partial payment of **$5.33** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in his prison account(s) for the six-month period preceding the filing of the complaint. Dkt. 2, at 4; *see* 28 U.S.C. § 1915(b)(1). Payne is advised that unless, by the date specified below, he has either (1) submitted the initial partial payment or (2) shown cause in writing for his failure to pay, the Court will dismiss this action without prejudice to refiling and without further notice.

After submitting the initial partial payment, Payne shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. *See* 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Payne to collect, when the balance of Payne's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. *See id.*

Payne is advised that, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of the civil rights

complaint which (1) is frivolous or malicious, (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b), 1915(e)(2)(B). Payne is further advised that monthly payments will be collected from his prison account(s) until full payment of the $350 filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B.     Screening under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).**

The Prison Litigation Reform Act (PLRA), compels district courts to screen civil complaints filed by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). For the same reasons, the Court must dismiss a complaint filed by any plaintiff who has been permitted to proceed in forma pauperis. *Id.* § 1915(e)(2)(B).

In reviewing the complaint, the Court accepts all well-pleaded facts as true and liberally construes them in Payne's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To avoid dismissal, a civil plaintiff must "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. And, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Id.* Ultimately, the Court must determine whether the complaint

contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

1. **Plaintiff's claims and allegations**

Payne identifies three defendants in his complaint—The Tulsa Police Department, TPD Officer S. Sultzer, and Rashonda Basham—and asserts three claims. Dkt. 1, at 1-6.

In Count I, Payne claims Officer Sultzer violated his rights under the Fourth and Fourteenth Amendments because Sultzer "detained [him] without reasonable suspicion using the third-party information from a non-witness." *Id.* at 2. He specifically alleges that on August 18, 2017, Sultzer detained both Payne and Payne's girlfriend as suspects in a bank robbery committed in Tulsa on August 17, 2017. *Id.* at 1-2, 6. Payne alleges Sultzer lacked reasonable suspicion to detain him because no eyewitnesses described the bank robber as a male. *Id.* at 6. He further alleges Sultzer acted only on a "hunch" based on information obtained from Rashonda Basham, the mother of Payne's girlfriend. *Id.* at 5-6. According to Payne, Basham told police officers that the woman seen in video footage of the bank robbery was her daughter and "told the police that [Payne] put her daughter up to robbing the bank." *Id.* at 5-6.

In Count II, Payne claims "Tulsa police officers" violated his rights under the Fourth and Fourteenth Amendments on August 18, 2017, by arresting him "for a bank robbery without probable cause using the third-party information from a non-witness." Dkt. 1, at 2-3. Payne alleges the officers lacked probable cause to arrest him because (1) no

eyewitnesses described the robber as a male and (2) the officers relied solely on Basham's "hunch/opinion" that Payne was involved in the bank robbery. Dkt. 1, at 6.[2]

In Count III, Payne claims the Tulsa Police Department violated his rights under the Fourth and Fifth Amendments on August 17, 2017, when the Department "seized [his] vehicle without reasonable suspicion or probable cause and never gave [him] a confiscation recipt [sic]." *Id.* at 3, 6.

As relief for these alleged violations, Payne seeks $100,000 in compensatory damages and $25,000 in punitive damages." *Id.* at 3.

**2.  The complaint is subject to being dismissed for failure to state a claim.**

To state plausible § 1983 claims, Payne must show that each defendant acted under color of state law to deprive him of a federally protected right. *Schaffer v. Salt Lake City*

---

[2] Payne further alleges that Tulsa police officers lacked jurisdiction to arrest him because the bank was federally insured. Dkt. 1, at 6. It is not clear whether Payne intends to assert this as a separate claim. *Id.* In any event, as Payne alleges, the bank robbery he refers to in the complaint was a federal crime. *Id.* And the Court takes judicial notice of its record in *United States v. Payne*, N.D. Okla. Case No. 17-CR-0140-CVE, reflecting that Payne is currently serving the federal sentence imposed after he pleaded guilty to bank robbery and conspiracy for robbing a Tulsa bank on August 17, 2017. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting federal courts may "take judicial notice, whether requested or not, . . . of its own records and files and facts which are part of its public records" including "the court's own records of prior litigation related to the case before it"). Further, the Court takes judicial notice of publicly-available state court records reflecting that the State of Oklahoma charged Payne with conspiracy and robbery on August 25, 2017, and later dismissed those charges based on Payne's federal prosecution. *See State v. Payne*, Tulsa County District Court Case No. CF-2017-4562, http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2017-4562&cmid=3079765, last visited August 9, 2019; *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (stating federal courts may take judicial notice of public records from other courts "concerning matters that bear directly upon the disposition of the case at hand").

*Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). For the reasons that follow, the Court finds the complaint, even liberally construed, is subject to being dismissed for failure to state a claim on which relief may be granted.

  a.  **Count I: Unlawful detention**

Plaintiff alleges in Count I that he was detained without reasonable suspicion. Dkt. 1, at 2, 6. "The Fourth Amendment prohibits unreasonable searches and seizures by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *Vasquez v. Lewis*, 834 F.3d 1132, 1136 (10th Cir. 2016) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). Even a brief investigatory detention must be supported by reasonable suspicion that the person detained is, or has been, involved in criminal activity. *Id.* But "reasonable suspicion 'is not, and is not meant to be, an onerous standard.'" *United States v. Gurule*, 929 F.3d 1214, 1220 (10th Cir. 2019) (quoting *United States v. Pettit*, 785 F.3d 1374, 1379 (10th Cir. 2015)). "So long as officers develop 'a particularized and objective basis for suspecting an individual may be involved in criminal activity, [they] may initiate an investigatory detention even if it is more likely than not that the individual is not involved in any illegality.'" *Id.* (alteration in original) (quoting *Pettit*, 785 F.3d at 1379-80).

Payne's factual allegations are sparse, but the Court gleans from the complaint (1) that Officer Sultzer detained Payne on August 18, 2017, while Payne was with his girlfriend, (2) that Basham, the mother of Payne's girlfriend, had previously identified Payne's girlfriend as the woman seen in surveillance video of a bank robbery committed in Tulsa on August 17, 2017, and (3) that Basham had also told police that she suspected

6

Payne "put her daughter up to robbing the bank." *Id.* at 1-2, 5-6. The remaining circumstances surrounding Payne's detention are not fully developed. For example, it is not clear how long Officer Sultzer detained Payne. Nor is the scope or substance of the detention discernible from the complaint. Rather, Plaintiff's claim that Sultzer lacked reasonable suspicion to detain him appears to rest on two facts: (1) no eyewitnesses described the bank robber as a male and (2) Basham only suspected Payne was involved in the robbery but had no personal knowledge of whether Payne was involved.

Even accepting Payne's bare factual allegations as true, the complaint fails to state a plausible claim that Officer Sultzer lacked "a particularized and objective basis for suspecting" Payne may have been involved in the bank robbery. *Gurule*, 929 F.3d at 1220. Instead, Payne's allegations show that Sultzer detained him one day after a bank robbery while Payne was with his girlfriend who had been positively identified by her own mother as the person seen on surveillance video robbing the bank. Under these circumstances, and regardless of whether Basham had personal knowledge of Payne's involvement in the robbery, it was reasonable for Sultzer to briefly detain Payne to either confirm or dispel his suspicion that Payne was involved in the robbery. As a result, the Court finds Payne's Count I claim, as alleged against Officer Sultzer, is subject to being dismissed for failure to state a claim upon which relief may be granted.

      b.    **Count II: False arrest**

Payne claims in Count II that the allegedly unlawful detention transformed into an unlawful arrest when Officer Sultzer, or other Tulsa police officers, placed him in handcuffs and transported him to the police station. Dkt. 1, at 2-3, 6. Payne appears to

7

allege that the officers lacked probable cause to arrest him without a warrant. *Id.* "Generally, a warrantless arrest is constitutionally valid when an officer has probable cause to believe that the arrestee committed a crime." *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010) (quoting *Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000)). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Moeck v. City of Albuquerque*, 813 F.3d 912, 925 (10th Cir. 2015) (quoting *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008)).

Payne's factual allegations, accepted as true, fail to plausibly show the absence of probable cause for his arrest. As just discussed, according to Payne, Officer Sultzer or other police officers arrested Payne based on (1) knowledge that Payne's girlfriend had been positively identified as the woman seen on surveillance video robbing a Tulsa bank, and (2) "reasonably trustworthy information" from Basham, the mother of Payne's girlfriend, that Payne likely aided or encouraged his girlfriend to rob the bank. *Moeck*, 813 F.3d at 925. Without more, the facts and circumstances alleged in the complaint do not plausibly support that Sultzer or other officers lacked probable cause to arrest Payne. Consequently, Payne's Count II claim, as alleged against Officer Sultzer, is subject to being dismissed for failure to state a claim upon which relief may be granted.

    c.    **Counts I and II: Claims against Basham**

Payne alleges Rashonda Basham—whom Payne describes as his girlfriend's mother—is liable for the constitutional violations alleged in Counts I and II because "she

8

conspired with the Tulsa police to have [him] arrested and detained for a crime she suspected [he] committed" and she had "no personal knowledge" of Payne's involvement in the bank robbery when she "identified her daughter in the video footage of the robbery" and "told the police that [Payne] put her daughter up to robbing the bank." *Id.* at 5-6.

It is clear from the complaint that Basham is a private citizen. In some cases, private individuals can be held liable under § 1983. *Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir. 1987). But, on the facts alleged in the complaint, this is not one of those cases. "[I]n order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Id.* In *Lee*, the Tenth Circuit Court of Appeals explained that a private individual's conduct is not chargeable to the State when that individual "is simply reporting suspected criminal activity to state officials who then take whatever action they believe the facts warrant." *Id.* at 1115; *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (holding that "the mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985"). Thus, Payne's allegations that Basham "conspired" with police officers by telling them she suspected Payne was involved in a bank robbery with her daughter fail to plausibly allege that Basham acted under color of state law. For this reason, and to the extent Payne asserts the claims in Counts I and II against Basham, those claims are subject to being dismissed for failure to state a claim upon which relief may be granted.

#### d. Count III: Illegal seizure

Finally, in Count III, Payne claims the Tulsa Police Department violated his rights under the Fourth and Fifth Amendments by illegally seizing his car on August 17, 2017, the day before his arrest. Dkt. 1, at 3, 6. Count III suffers from two defects.

First, the Tulsa Police Department, it is not a proper defendant because it is not a "person" within the meaning of § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (noting that "[t]he 'City of Denver Police Department' is not a separate suable entity" because it lacks a legal identity apart from the city it serves), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also Mohammad v. Albuquerque Police Dep't*, 699 F. App'x. 838, 839 (10th Cir. 2017) (unpublished)[3] (citing *Martinez*, concluding that the Albuquerque Police Department is not a 'person' subject to liability under § 1983, and affirming dismissal of § 1983 claim against police department). For this reason, the Court dismisses the Tulsa Police Department from this action, with prejudice, as an improper defendant. Absent a proper defendant, Count III is subject to being dismissed for failure to state a claim upon which relief may be granted.

Second, even assuming Payne intends to assert his Count III claim against one or more unnamed police officers who seized his vehicle, his factual allegations are not sufficiently developed to support a plausible claim that the seizure violated his constitutional rights. Payne alleges only that (1) his vehicle was seized, (2) the seizure was

---

[3] The Court cites this unpublished opinion as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

not supported by reasonable suspicion or probable cause, and (3) he was not provided a receipt. Dkt. 1, at 3, 6. Payne's second allegation is conclusory and thus does not support a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Hall*, 935 F.2d at 1110 (noting that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Payne's remaining factual allegations show only that the officers seized his vehicle and failed to give him a property receipt. Without more, these facts fail to allege a plausible claim that the seizure of his vehicle was unconstitutional. Thus, even assuming Payne could identify a proper defendant, his Count III claim is subject to being dismissed for failure to state a claim upon which relief may be granted.

C. **Opportunity to amend**

Ordinarily, a court should provide a pro se litigant with a reasonable opportunity to "remedy defects potentially attributable to [the litigant's] ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Thus, "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Id.* Dismissal without leave to amend is appropriate only if amendment would be futile, i.e., if amending the complaint could not cure the identified deficiency. *Hall*, 935 F.2d at 1110.

Applying these principles, the Court finds that Payne should be granted leave to file an amended complaint. Within thirty (30) days from the entry of this order, or on or before September 12, 2019, Payne shall file an amended complaint to cure the deficiencies

identified herein. Payne is advised that an amended complaint replaces the original complaint. As a result, the amended complaint "must be retyped or handwritten and filed so that it will be complete in itself including exhibits, without reference to" the original complaint. LCvR 9.2(c). Payne is further advised that if he fails to file an amended complaint on or before the date identified in this order, the Court will dismiss the original complaint for the reasons stated in this order and without further notice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Payne's motion to proceed *in forma pauperis* (Dkt. 2) is **granted**.

2. Within thirty (30) days from the entry of this order, or **on or before September 12, 2019**, Payne shall pay an initial partial payment of **$5.33**, or show cause in writing for his failure to do so.

3. The Tulsa Police Department is **dismissed with prejudice** from this action as an improper defendant.

4. The complaint (Dkt. 1) is subject to being dismissed for failure to state a claim upon which relief may be granted.

5. Within thirty (30) days from the entry of this order, or **on or before September 12, 2019**, Payne shall file an amended complaint to cure the deficiencies identified in this order.

6. The Clerk of Court shall send Payne a blank civil rights complaint (form PR-01) marked "amended" and identified as **Case No. 19-CV-0414-GKF-FHM**.

   **Failure to comply with the directives in this order could result in the Court dismissing this action without prejudice and without further notice.**

**DATED** this 13th day of August 2019.

                                        GREGORY K. FRIZZELL
                                        UNITED STATES DISTRICT JUDGE