# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDD TAWON PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-0414-GKF-FHM |
| ) | |
| CITY OF TULSA, ) | |
| TULSA POLICE OFFICER ) | |
| S. SULTZER, and ) | |
| RASHONDA BASHAM, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's amended complaint (Dkt. 4), filed September 3, 2019. For the reasons that follow, the Court dismisses the amended complaint, without prejudice, for failure to state a claim upon which relief may be granted.

**A.  Screening and dismissal standards**

Plaintiff's amended complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. In screening the amended complaint, the Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915(e)(2)(B), 1915A(b). In determining whether dismissal is appropriate, the Court must accept as true all well-pleaded factual allegations in the amended complaint and liberally construe the facts in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court need not "accept as true a legal conclusion couched as factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And, while Plaintiff does not necessarily need to

include "detailed factual allegations" in the amended complaint, he is obliged to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Ultimately, the Court's must decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.     Plaintiff's allegations and claims**

Accepting Plaintiff's well-pleaded factual allegations as true, the Court gleans the following facts from the amended complaint. Sometime before August 18, 2017, the Tulsa Police Department released to the public surveillance video footage depicting a Tulsa bank robbery. Dkt. 4, at 4. Rashonda Basham contacted the Tulsa Police Department and identified her 17-year-old daughter, T.A., as the woman seen on the surveillance video robbing the bank. *Id.* Basham told police officers that Plaintiff, who was not seen in the video, was T.A.'s boyfriend, that Plaintiff bought a car, specifically, "a new grey crown vic," with money from the robbery, and that she had seen T.A. in that car with Plaintiff. *Id.* at 6. Basham also "helped the police locate [Plaintiff] and [his] vehicle and residence." *Id.* at 5, 8.

Tulsa Police Officers S. Sultzer and Helburg (or Helberg) briefly detained Plaintiff on August 18, 2017, to question him about the robbery. Dkt. 4, at 2-3, 6-7. Plaintiff denied any relationship with T.A., denied involvement in the bank robbery, admitted that he owned the car described by Basham (which, according to Plaintiff is "actually blue," not grey), and told officers that he bought the car with money he won at the casino. *Id.* at 6-10. Following a brief investigatory detention, Sultzer and Helburg arrested Plaintiff without a warrant. *Id.* at 6. In conjunction with Plaintiff's arrest, "unnamed officers at the scene" seized Plaintiff's car without a warrant. *Id.* at 9.

2

According to Plaintiff, the car was parked outside his apartment. *Id.* Twenty to thirty minutes after Plaintiff's arrest, law enforcement officers located and arrested T.A. *Id.* at 6-7. Officers transported Plaintiff and T.A. to the police station for further questioning. *Id.* at 7.

T.A. admitted her involvement in the bank robbery "within 30 minutes" of her arrest. Dkt. 4, at 7. For the next five hours, officers continued to question T.A. and Plaintiff. *Id.* Both Plaintiff and T.A. denied that Plaintiff was involved in the bank robbery, and T.A. "said that she robbed the bank alone." Dkt. 4, at 7. At some point, "the police brought Ms. Basham into [T.A.'s] interrogation room" "to convince [T.A.] to change her story and implicate [Plaintiff]." *Id.* at 7.

On August 25, 2017, the State of Oklahoma charged Plaintiff, in the District Court of Tulsa County, Case No. CF-2017-4562, with conspiracy and robbery. *See State v. Payne*, Case No. CF-2017-4562, http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2017-4562&cmid=3079765, last visited September 30, 2019. The State dismissed both charges on December 1, 2017. *Id.* Four days later, the federal government filed a two-count indictment in this court charging Plaintiff with conspiracy and bank robbery. *See* Dkt. 26, *United States v. Payne*, N.D. Okla. Case No. 17-CR-0140-CVE (filed Dec. 5, 2017). Plaintiff ultimately pleaded guilty to both charges, and the sentencing court imposed a 46-month prison sentence for each conviction, with both sentences to be served concurrently. *See* Dkt. 62, *United States v. Payne*, N.D. Okla. Case No. 17-CR-0140-CVE (filed May 8, 2018).[1]

---

[1] Plaintiff does not include facts about his state or federal charges, or his federal convictions, in his amended complaint. Dkt. 4. The Court nonetheless takes judicial notice of these facts. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (stating federal courts may take judicial notice of public records from other courts "concerning matters that bear directly upon the disposition of the case at hand"). *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting federal courts may "take judicial notice, whether requested or not, . . . of its own records and files and facts which are part of its public records" including "the court's own records of prior litigation related to the case before it").

In the amended complaint, Plaintiff purports to sue three defendants: the City of Tulsa, Tulsa Police Officer S. Sultzer, and Rashonda Basham. Dkt. 4, at 1-3. Plaintiff claims the defendants violated his rights under the Fourth Amendment by detaining him without reasonable suspicion (Count 1), arresting him without probable cause (Count 2), and seizing his vehicle without probable cause (Count 3). *Id.* at 2-3, 6-9. Plaintiff seeks $100,000 in compensatory damages and $29,000 in punitive damages "to be paid by each Defendant." *Id.* at 3.

C. Analysis

Even accepting Plaintiff's well-pleaded factual allegations as true, the Court finds the amended complaint fails to state any plausible § 1983 claims against the defendants. To state plausible § 1983 claims, Plaintiff must allege, at a minimum, that each defendant identified in the amended complaint acted under color of state law to deprive him of a federally protected right. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

1. City of Tulsa

Plaintiff identifies the City of Tulsa as "policy makers" and seeks to hold the City liable for the Fourth Amendment violations alleged in Counts 1, 2, and 3 under a theory of municipal liability. Dkt. 4, at 1.

As a municipality, a city is a "person" who may be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 62 (1989). However, a city may not be held liable simply because the alleged misconduct of its employees or officers caused injury to the plaintiff. *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015). Rather, to establish that a city is liable for the actions of its employees or officers, a plaintiff must show: "1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Id.* (quoting *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006)). In his amended complaint,

Plaintiff alleges the City, "[t]hrough willful blindness, caused a policy, practice, pattern and/or custom allowing police officers to deprive citizens of their constitutional rights." *Id.* Disregarding Plaintiff's "formulaic recitation of the elements." *Twombly*, 550 U.S. at 555, the amended complaint is devoid of any facts identifying an existing City policy or custom that directly caused Plaintiff's alleged injuries. *See* Dkt. 4, generally; *Hall*, 935 F.2d at 1110 (noting that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). As a result, the amended complaint fails to state a claim against the City of Tulsa.

### 2. Rashonda Basham

Plaintiff identifies Rashonda Basham as a resident of Tulsa and alleges she is "conspiratorialy [sic] liable" for the Fourth Amendment violations alleged in Counts 1, 2, and 3. Dkt. 4, at 2-3, 5.

The Fourth Amendment prohibits "only unreasonable searches and seizures conducted by the government and its agents." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446 (10th Cir. 1995). Nonetheless, "[a] § 1983 claim may arise when a private party acts 'in concert with (i.e. conspires with) state officials in effecting a particular deprivation of constitutional rights.'" *Lane v. Johnson*, 385 F. Supp. 2d 1146, 1151 (D. Kan. 2005) (quoting *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 596 (10th Cir. 1999)). Stated another way, "if a private party is 'a willful participant in joint activity with the State or its agents,' then state action is present." *Gallagher*, 49 F.3d at 1447. Generally, "in order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir. 1987). Notably, in *Lee*, the Tenth Circuit Court of

Appeals explained that a private individual's conduct is not chargeable to the State when that individual "is simply reporting suspected criminal activity to state officials who then take whatever action they believe the facts warrant." *Id.* at 1115; *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (holding that "the mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985"). Moreover, "[t]he mere fact that a private party furnished information, even if false, is not sufficient to constitute joint activity with state officials to state an actionable claim under § 1983." *Lane*, 385 F. Supp. 2d at 1151 (citing *Young v. Arkansas Children's Hosp.*, 721 F. Supp. 197, 198 (E.D. Ark. 1989)).

For two reasons, Plaintiff's factual allegations, even accepted as true, fail to plausibly allege that Basham took the requisite "state action" to be liable for the Fourth Amendment violations alleged in Counts 1, 2, and 3. First, Plaintiff alleges Basham (1) contacted the Tulsa Police Department, (2) identified her 17-year-old daughter, T.A., as the woman seen in a surveillance video from a Tulsa bank robbery, (3) identified Plaintiff as T.A.'s boyfriend, (4) reported that Plaintiff bought a new grey car with money from the bank robbery, (5) reported that she saw T.A. in that car with Plaintiff, and (6) "help[ed] the Police locate [Plaintiff] and [his] vehicle and residence." Dkt. 4, at 5-8. But these actions constitute nothing more than reporting suspected criminal activity to law enforcement officers and thus do not constitute state action. *Lee*, 820 F.2d at 1115; *Benavidez*, 722 F.2d at 618. This is so even if, as Plaintiff alleges, Basham merely "speculated" or even "clearly lied" about Plaintiff's involvement in the bank robbery. Dkt. 4, at 6; *see Lane*, 385 F. Supp. 2d at 1151.

Second, Plaintiff alleges (1) that after he and T.A. were transported to the police station, Basham "help[ed] the police interview [T.A.]" and "coerced" T.A. into divulging that Plaintiff was

6

involved in the robbery and (2) that at some unspecified point in time, Basham "help[ed] the police do research" on him. *Id.* at 5, 7-8. Even assuming as true Plaintiff's first allegation, Basham's participation in T.A.'s police interview occurred after his allegedly unlawful detention, arrest, and property seizure and thus neither speaks to nor supports that Basham "jointly participated in a deprivation of" Plaintiff's Fourth Amendment rights. *Gallagher*, 49 F.3d at 1454. And Plaintiff's second allegation is far too vague to plausibly allege that Basham offered "significant aid" to the officers who allegedly violated his Fourth Amendment rights. *Id.*

For these reasons, the Court finds the amended complaint fails to state any plausible claims against Basham.

### 3. Officers Sultzer and Helburg

In Counts 1 and 2, Plaintiff alleges Tulsa Police Officers S. Sultzer and Helburg detained and arrested him, "without justification." Dkt. 4, at 2-3.[2] More specifically Plaintiff alleges the officers lacked reasonable suspicion to detain him for brief questioning about the bank robbery and lacked probable cause to arrest him following that detention because the officers solely relied on the "unverified, uncorroborated accusations" from Basham. Dkt. 4, at 2-3, 6-9.

"The Fourth Amendment prohibits unreasonable searches and seizures by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *Vasquez v. Lewis*, 834 F.3d 1132, 1136 (10th Cir. 2016) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). Even a brief investigatory detention must be supported by

---

[2] Plaintiff does not name Officer Helburg as a defendant in the caption of the complaint nor does he list Helburg as a defendant. Dkt. 4, at 1-2, 5; *see* Fed. R. Civ. P. 10(a) (requiring plaintiff to identify all defendants in the case caption). However, the Court liberally construes the amended complaint as purporting to sue Helburg for the Fourth Amendment violations alleged in Counts 1 and 2. Though not entirely clear, it appears Plaintiff purports to sue these officers in their individual capacities.

reasonable suspicion that the person detained is, or has been, involved in criminal activity. *Id.* But "reasonable suspicion 'is not, and is not meant to be, an onerous standard.'" *United States v. Gurule*, 935 F.3d 878, 885 (10th Cir. 2019) (quoting *United States v. Pettit*, 785 F.3d 1374, 1379 (10th Cir. 2015)). "So long as officers develop 'a particularized and objective basis for suspecting an individual may be involved in criminal activity, [they] may initiate an investigatory detention even if it is more likely than not that the individual is not involved in any illegality.'" *Id.* (alteration in original) (quoting *Pettit*, 785 F.3d at 1379-80).

Law enforcement officers, however, must have more than reasonable suspicion to arrest a citizen without a warrant. "Generally, a warrantless arrest is constitutionally valid when an officer has probable cause to believe that the arrestee committed a crime." *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010) (quoting *Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000)). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Mocek*, 813 F.3d at 925 (10th Cir. 2015) (quoting *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008)).

Accepting Plaintiff's factual allegations as true, Officers Sultzer and Helburg detained and arrested Plaintiff after (1) Basham contacted the Tulsa Police Department (2) identified her 17-year-old daughter as the woman seen in a surveillance video of a Tulsa bank robbery, (3) identified Plaintiff as her daughter's boyfriend, (4) reported that Plaintiff bought a car with money from the bank robbery, (5) reported that she saw her daughter in that car with Plaintiff, and (6) "help[ed] the Police locate [Plaintiff] and [his] vehicle and residence." Dkt. 4, at 5-8.

Even accepting Plaintiff's allegations as true, these allegations support both (1) that the officers had "a particularized and objective basis for suspecting" Plaintiff was involved in the bank

robbery committed by his minor girlfriend, *Gurule*, 935 F. 3d at 885, and (2) that the officers had "reasonably trustworthy information" from Basham that would "lead a prudent person to believe that" Plaintiff was either involved in the bank robbery or, at the very least, bought a new car with money from the robbery, *Mocek*, 813 F.3d at 925. Accordingly, the allegations in Counts 1 and 2 of the amended complaint fail to state any plausible claims against Officers Sultzer and Helburg.

### 4. "Unnamed officers on the scene"

In Count 3 of the amended complaint, Plaintiff claims that "on 08-18-17 the Tulsa Police (unnamed officers at the scene) with the help of Ms. Basham seized [his] vehicle in connection to a crime of bank robbery without verifying the accusations of Ms. Basham." Dkt. 4, at 3. He further alleges the "unnamed officers at the scene" violated the Fourth Amendment by seizing his vehicle without a warrant and without probable cause and by relying on Basham's "unconfirmed and uncorroborated speculative accusations" that Plaintiff used money from the bank robbery to buy the car rather than believing Plaintiff's statements that he bought the car with money he won at a casino. *Id.* at 9.

For two reasons, the Court finds Plaintiff's allegations in Count 3 fail to state a plausible claim. First, to the extent Plaintiff brings Count 3 against Basham, as previously discussed, Basham did not act under color of state law when she told law enforcement officers that she believed Plaintiff bought the car with money from the bank robbery or when she provided officers with information that helped them locate Plaintiff's car. *Lee*, 820 F.2d at 1114-15; *Benavidez*, 722 F.2d at 618. Second, to the extent Plaintiff intends to assert his Count 3 claim against Sultzer, Helburg, or other unnamed police officers, his factual allegations do not show that the officers lacked probable cause to seize the vehicle. As alleged, Plaintiff's facts support that Basham told the officers (1) her daughter robbed the bank, (2) Plaintiff used money from the bank robbery to

9

buy the car, and (3) Basham saw her daughter in the car.  Even if thin, these facts would lead a reasonably prudent person to believe that evidence of the bank robbery may be found in the car or that the car itself constituted evidence of the bank robbery to the extent Plaintiff bought the car with robbery proceeds.[3]

For these reasons, Plaintiff's factual allegations in support of Count 3 fail to state a claim upon which relief may be granted.

**D.    First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff is a federal prisoner and the Court granted him leave to proceed in forma pauperis in this action.  In addition, the Court has concluded that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and should therefore be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  This dismissal shall therefore count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

---

[3] In the amended complaint, Plaintiff appears to allege that the officers lacked probable cause because he admitted to officers that he recently bought the either blue or grey Ford Crown Victoria with casino winnings, not robbery proceeds.  Dkt. 4, at 6, 9.  But the information officers received from Basham was corroborated, to some extent, by the fact that Plaintiff admitted recently purchasing the car Basham described.  And the fact that Plaintiff offered the officers an alternative explanation for the source of the funds he used to buy the car does not plausibly support the absence of probable cause.  *Cf. Mocek*, 813 F.3d at 928 ("[P]olice officers are not required to forego making an arrest based on facts supporting probable cause simply because the arrestee offers a different explanation." (alteration in original) (quoting *Munday v. Johnson*, 257 Fed. App'x. 126, 134 (10th Cir. 2007))).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The amended complaint (Dkt. 4) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. Plaintiff remains obligated to submit monthly payments until the **$350** filing fees for this civil action are paid in full.

3. The Clerk of Court shall **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate judgment shall be entered herewith.

**DATED** this 30th day of September 2019.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma